E-FILED
Wednesday, 29 July, 2015   10:52:06 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOEL DELANO POWELL, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 15-1186 |
| | ) |
| JEFF KRUEGER, Warden, | ) |
| | ) |
| Respondent. | ) |

## **O R D E R**

This matter is before the Court on Petitioner, Joel Delano Powell's ("Powell"), Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the Petition for Writ of Habeas Corpus [1] is DENIED.

### Factual and Procedural Background

Following his conviction for conspiracy to commit bank fraud, aiding and abetting bank fraud, and aiding and abetting aggravated identity theft in the United States District Court for the District of Minnesota, Powell was sentenced to 300 months' imprisonment on July 16, 2013. He is now incarcerated at the Federal Correctional Institution in Pekin, Illinois.

Powell filed this Petition alleging that the Bureau of Prisons ("BOP") has denied him Due Process by wrongfully assigning him a public safety factor ("PSF") designation as a sex offender based on a 1999 conviction for soliciting/inducing/promoting the prostitution of a 17-year-old girl. The Government has filed its response, and this Order follows.

**Discussion**

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3).

Although the Seventh Circuit does not appear to have directly addressed this issue, other Circuits have held that a habeas corpus petition is not the proper vehicle to make a claim regarding challenges to PSF designations. *See* Wilks v. Mundt, 25 F.Appx. 492, 2002 WL 113837 (8th Cir. 2002); Day v. United States Dep't of Justice, 275 F.Appx. 90 (3rd Cir. 2007); Bazuaye v. Thompson, 275 F.3d 55 (5th Cir. 2001). Requests for quantum change in the level of custody, such as outright freedom, probation, etc., are typically brought as habeas corpus actions, while requests for a change in the circumstances of confinement are typically brought as civil rights actions. Graham v. Broglin, 922 F,2d 379, 381 (7th Cir. 1995); McKune v. Lile, 536 U.S. 24, 39 (2002). "Put differently, if the prisoner is not seeking release, or release is not available as a remedy to the prisoner's claims, then 'his challenge can only concern the conditions of his confinement ... not the fact of his confinement. As such, he may not proceed with a habeas petition.'" Stokes v. Cross, 2014 WL 503934, at *2 (S.D.Ill. Feb. 2014), *citing* Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005); Ramirez v. Turner, 991 F.2d 351, 353 (7th Cir. 1993).

Here, outright release is not an option. In fact, Powell does not even request release. Rather, he asks that the PSF moderate severity sex offender designation be removed to allow him to obtain better programming in a facility with a lower security level or halfway house placement. This would

appear to be more like the challenges to requests for work release, transfer between prisons, or changes in housing quarters that have been held to constitute civil rights actions as opposed to habeas corpus proceedings. Pischke v. Litscher, 178 F.3d 497,499 (7th Cir. 1999); Falcon v. U.S. BOP, 52 F.3d 137, 138 (7th Cir. 1995); Adams v. Beldsoe, 173 Fed.Appx. 483, 484 (7th Cir. 2006). The Court therefore finds that Powell's claims cannot be pursued in this § 2241 petition.

If Powell intends to challenge his PSF and custody classification, he must do so by filing a civil rights action under 28 U.S.C. § 1331, pursuant to Bivens v. Six Unknown Fed., Narcotics Agents, 403 U.S. 388 (1971). The filing fee for such an action is $400.00, although he may seek *in forma pauperis* status and ask to pay that fee in installments. That being said, even if Powell brings a Bivens action, he is not likely to prevail.

Title 18 U.S.C. § 4001 grants the Attorney General authority to manage federal correctional institutions, and that authority has been delegated to the BOP. 28 C.F.R. § .96; BOP Program Statement 5100.08. It is well-settled that prison officials have discretion over prisoner classifications and that prisoners have no legitimate due process concerns with respect to such classifications. Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). *See also*, Olim v. Waukinekona, 461 U.S. 238, 245 (1983)(holding that a prisoner has no constitutional right to select a particular correctional facility for his placement or to be transferred to a different facility upon request.) "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Hewitt v. Helms, 459 U.S. 460, 468 (1983).

**Conclusion**

For the reasons set forth above, the Petition for Writ of Habeas Corpus [1] is DENIED without prejudice to filing a § 1331 action challenging his custody/security classification claims, and this matter is now TERMINATED.

ENTERED this 29th day of July, 2015.

                                                s/ James E. Shadid
                                                James E. Shadid
                                                Chief United States District Judge